1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9   BYRON McCORD FAIRBANKS,                    No. C 07-5506 WHA (PR)

10              Plaintiff,                     **ORDER OF DISMISSAL**

11      v.

12  DAVID COLEMAN, Contra Costa
    County Public Defender, and
13  WILLIAM VEALE, Assistant Public
    Defender,
14
                Defendants.
15  _____/

16

17          Plaintiff, an inmate at the California Substance Abuse and Treatment Facility, Corcoran,

18  has filed a pro se civil rights complaint under 42 U.S.C. § 1983.  He has been granted leave to

19  proceed in forma pauperis.

20                              **DISCUSSION**

21  **A.    STANDARD OF REVIEW**

22          Federal courts must engage in a preliminary screening of cases in which prisoners seek

23  redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

24  § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims

25  which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

26  monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro

27  se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

28  (9th Cir. 1990).

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

2  claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

3  statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds

4  upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).

5  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a

6  plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than

7  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

8  do. . . .   Factual allegations must be enough to raise a right to relief above the speculative

9  level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A

10  complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.*

11  at 1986-87.

12    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

13  (1) that a right secured by the Constitution or laws of the United States was violated, and (2)

14  that the alleged deprivation was committed by a person acting under the color of state law.

15  *West v. Atkins*, 487 U.S. 42, 48 (1988).

16  **B.    LEGAL CLAIMS**

17    Plaintiff seeks to sue his defense attorneys for ineffective representation of him at his

18  criminal trial.  Public defenders, however, do not act under color of state law in representing

19  their clients, and thus cannot be sued under Section 1983.  *Polk County v. Dodson*, 454 U.S.

20  312, 317-25 (1981); *Briley v. State of California*, 564 F.2d 849, 855 (9th Cir. 1977) (neither

21  appointed nor retained defense attorneys act under color of state law).  For this reason plaintiff

22  has failed to state a plausible claim against the defendants.  Because there is no way the

23  complaint can be amended to allow him to sue these defendants on these claims, the complaint

24  will be dismissed without leave to amend.

**CONCLUSION**

25

26    The complaint is **DISMISSED** with prejudice.  The clerk shall close the file.

27    **IT IS SO ORDERED.**

28  Dated:  November ___1___, 2007.

_____

WILLIAM ALSUP

UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.07\fairbanks5506.dsmss.wpd